UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Manuel RAMIREZ–VILLALBA,
Defendant–Appellant.

No. 11–50043.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2012.*

Filed Nov. 21, 2012.

Michael Lewis Merriman, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Wendy Susan Gerboth, Law Office of Wendy Gerboth, San Diego, CA, for Defendant–Appellant.

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY, District Judge.**

MEMORANDUM ***

Appellant Juan Manuel Ramirez–Villalba ("Ramirez") appeals the district court's denial of his motion to dismiss his indictment under 8 U.S.C. § 1326 for attempted reentry after deportation. The denial of such a motion is reviewed *de novo* where, as here, the motion was based on "due-process defects in [an] underlying deporta-

tion proceeding." *United States v. Moriel–Luna,* 585 F.3d 1191, 1196 (9th Cir. 2009).

Ramirez claims that during the deportation proceedings at issue, the Immigration Judge ("IJ") never advised him of a potential "extreme hardship" waiver of removability or a humanitarian reinstatement of his immigrant visa petition. *See* 8 U.S.C. § 1182(h); 8 C.F.R. § 205.1(a)(3)(i). According to Ramirez, these errors were prejudicial and violated due process.

To prove prejudice in violation of due process, a defendant must show that "upon a review of the record, it appears ... an IJ could have concluded ... his potential claim[s] for relief" from removal "would be 'plausible.'" *United States v. Pallares–Galan,* 359 F.3d 1088, 1103–04 (9th Cir. 2004). Here, neither of Ramirez's claims would produce a plausible avenue for relief.

In certain circumstances, an alien otherwise removable may seek a waiver of removal if: (1) his parent is a legal permanent resident; (2) his removal "would result in extreme hardship to the ... lawfully resident ... parent" and (3) "the Attorney General, in his discretion" consents. 8 U.S.C. § 1182(h); *see also Mendoza v. Holder,* 623 F.3d 1299, 1301 n. 3 (9th Cir.2010). In evaluating a claim of extreme hardship to Ramirez's permanent-resident mother, we consider numerous unfavorable factors—including, among many others, Ramirez's multiple pre–1995 felonies, his repeated illegal entries, and the length of time he had spent in Mexico or in American incarceration—and conclude he had no plausible claim to an ex-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

treme-hardship waiver. *See Gutierrez–Centeno v. INS,* 99 F.3d 1529, 1533 n. 8 (9th Cir.1996), *superseded by statute on other grounds as stated in Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 n. 9 (9th Cir.2003); *United States v. Arrieta,* 224 F.3d 1076, 1082 (9th Cir.2000); *Hassan v. INS,* 927 F.2d 465, 467 (9th Cir. 1991).

Ramirez argues that he could have obtained a humanitarian reinstatement of his immigrant visa petition, but he concedes that even after such reinstatement, he would still need to obtain a waiver of his prior convictions under 8 U.S.C. § 1182(h) or 8 U.S.C. § 1182(c) (1994) in order to avoid deportation. As discussed above, a section 1182(h) claim is implausible. Similarly, there was no plausible basis for exercising section 1182(c) discretion. *See Pablo v. INS,* 72 F.3d 110, 113 (9th Cir.1995).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.